```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| AMANDA C. LAOYE, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> UNITED STATES DEPARTMENT OF : <br> HOMELAND SECURITY, et al., : <br> : <br> Defendants. : | CIVIL ACTION NO. 09-1990 (MLC) <br><br> **O R D E R** |

**PLAINTIFFS PRO SE** applying for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application") (dkt. entry no. 4, Application); and the Court addressing the Application before reviewing the Amended Complaint, see Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990); and

**PLAINTIFFS** asserting that (1) plaintiff Amanda C. Laoye has been unemployed since January 2009 and plaintiff Akintoye O. Laoye cannot work due to his immigration status, (2) they have $30 in savings, and (3) they do not own a home, a car, or anything of value (Application at 3-6); and Amanda C. Laoye also asserting that she supports her husband and his son (id. at 4); and Akintoye O. Laoye asserting that he supports his children (id. at 6); and the Court intending to grant the Application, as "a plaintiff need not be absolutely destitute or contribute to payment of costs, the last dollar they have or can get to enjoy the benefit of IFP status," In re Mock, 252 Fed.Appx. 522, 523 (3d Cir. 2007) (internal quotation omitted); and

**PLAINTIFFS** seeking to bring an action to recover damages for alleged constitutional violations (dkt. entry no. 1, Compl.; dkt. entry no. 3, Am. Compl.); and the Court interpreting the Amended Complaint to assert claims under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (see Am. Compl.); and the Court noting that the FTCA requires a plaintiff to exhaust available administrative remedies before bringing an action in federal court, see 28 U.S.C. § 2675(a); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); and the Court also noting that the requirement of administrative exhaustion is "jurisdictional and cannot be waived," Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003); but the Court, here, being unsure of whether plaintiffs have exhausted their available administrative remedies before bringing this action; and

**THE COURT** further noting that a Bivens claim is subject to a statute of limitations defense, see Hughes v. Knieblher, No. 09-2177, 2009 WL 2219233, at *1-*2 (3d Cir. July 27, 2009) (affirming district court's grant of summary judgment in favor of defendants on plaintiff's Bivens claim where plaintiff brought his action outside of the two-year limitations period); and the Court noting that the incident subject of the Amended Complaint is alleged to have occurred on February 11, 2004 (Am. Compl. at 1); and the Court noting that the Complaint was received on April

28, 2009 (see Compl.); but the Court, here, being unsure of whether any bases exist for statutory or equitable tolling of the statute of limitations; and the Court therefore intending to permit this action to proceed at this time; and the Court intending to allow the parties to address these issues through motion practice, see Coulter v. U.S. Dep't of Homeland Sec., No. 07-4894, 2008 WL 4416454, at *5, *9 (D.N.J. Sept. 24, 2008) (dismissing plaintiff's Bivens claim on defendant's motion to dismiss); Elhassan v. Goss, No. 06-1000, 2007 WL 319484, at *3-*6 (D.N.J. Jan. 30, 2007) (dismissing plaintiff's FTCA and Bivens claims on defendants' motion for summary judgment), aff'd, 522 F.3d 477 (3d Cir. 2008); and for good cause appearing:

**IT IS THEREFORE** on this      15th     day of September, 2009 **ORDERED** that the application pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis (dkt. entry no. 4) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court file the Complaint and Amended Complaint; and

**IT IS FURTHER ORDERED** that the plaintiffs may proceed without prepaying fees or costs; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue the Summons, and the United States Marshal shall serve a copy of the Complaint, Amended Complaint, Summons, and this Order upon the defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify the plaintiffs of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), which sets forth the requirements for eligibility for appointment of pro bono counsel, but the plaintiffs are advised that such appointment is not automatic; and

**IT IS FURTHER ORDERED** that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and

**IT IS FURTHER ORDERED** that if the plaintiffs seek the appointment of pro bono counsel, then the plaintiffs shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon either (a) the defendants or, (b) the defendants' counsel if counsel has appeared, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and

**IT IS FURTHER ORDERED** that it is now the responsibility of the plaintiffs to proceed with the prosecution of this action in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

                                                         s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge