**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
AMANDA C. LAOYE, et al.,            :
                                    :   CIVIL ACTION NO. 09-1990 (MLC)
     Plaintiffs,                    :
                                    :        MEMORANDUM OPINION
     v.                             :
                                    :
UNITED STATES DEPARTMENT OF         :
HOMELAND SECURITY, et al.,          :
                                    :
     Defendants.                    :
                                    :
```

**THE DEFENDANTS**, United States Department of Homeland Security; Assistant Secretary, United States Department of Homeland Security; and United States Immigration and Customs Enforcement, moving to dismiss the Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, Rule 12(b)(1) (dkt. entry no. 15); and the Court construing the plaintiffs' single cause of action as a civil rights claim under Bivens v. Six Unknown Federal Bureau of Narcotics Agents, 43 U.S. 388 (1971); and the Court noting that Bivens actions, as with actions brought against state officers pursuant to 42 U.S.C. § 1983, are subject to the forum state's general personal injury statute of limitations, see Wilson v. Garcia, 471 U.S. 261, 276 (1985); Napier v. Thirty or More Unidentified Federal Agents, Employees, or Officers, 855 F.3d 1080, 1087 n.3 (3d Cir. 1988); and New Jersey's two-year personal injury statute of limitations therefore governing the plaintiffs'

claim, see N.J.S.A. § 2A:14-2; Curbison v. U.S. Gov't of N.J., 242 Fed.Appx. 806, 809 (3d Cir. 2007); and the Court noting that even if the plaintiffs' claim were considered a tort claim against the federal government under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), such claim would be time-barred unless the plaintiffs presented evidence of having made an administrative claim within two years after the claim accrued, see Curbison, 242 Fed.Appx. at 809-10; 28 U.S.C. § 2401(b); and it appearing that this requirement is "unambiguous," McNeil v. United States, 508 U.S. 106, 111 (1993); and

**THE COURT** observing that the Amended Complaint alleges that the events underlying the plaintiffs' claim occurred on February 11, 2004 (dkt. entry no. 3, Am. Compl. at 1); and the plaintiffs' cause of action therefore accruing on February 11, 2004, for statute of limitations purposes, see Sameric Corp. v. City of Philadelphia, 142 F.2d 582, 599 (3d Cir. 1998); and the two-year statute of limitations therefore expiring on February 11, 2006; and the plaintiffs filing the Complaint on April 28, 2009 (dkt. entry no. 1, Compl.); and

**THE PLAINTIFFS** responding that they should be entitled to equitable tolling of the statute of limitations because they were unaware that their claims may be cognizable under the FTCA until "the district court brought it to their attention after December 29 2008 when a copy of letter written by plaintiff's lawyer at

2

that time was included in transcripts while plaintiffs were appealing immigration decision in federal court" (dkt. entry no. 19, Pl. Reply at 1); and the plaintiffs noting that they filed an administrative claim pursuant to the FTCA on February 24, 2010 (id. at 11-12); and

**THE COURT** observing that "[e]quitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances," Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009) (quotation omitted); and "sufficiently inequitable circumstances" occurring "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum," id.; and the Court further observing that "a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim," id.; and the plaintiffs failing to allege any of these bases for equitable tolling; and the plaintiffs having been on notice of the need to investigate potential claims since on or about February 11, 2004; and the letter included in the December

3

2008 transcripts, relied upon by the plaintiffs, providing no basis for equitable tolling; and

**THE COURT** thus intending to grant the motion to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted, because the plaintiffs did not bring their Bivens cause of action within the two-year statute of limitations, see Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978), or in the alternative as to the plaintiff's putative FTCA claim, for lack of jurisdiction, because the plaintiffs did not file an administrative claim within the two-year statute of limitations, see 28 U.S.C. § 2401(b); Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989); and the Court declining the plaintiffs' invitation to stay this action pending a decision regarding their administrative claim (Pl. Reply at 3); and

**THE PLAINTIFFS** also filing a "Request for A Cease and Desist Order against the DEFENDANTS" apparently seeking to preclude adverse immigration action from being taken against plaintiff Akintoye Laoye during the pendency of this action (dkt. entry no. 7); and the Court deeming that motion moot, in light of the dismissal of the Amended Complaint; and the Court further noting that the motion is moot because on November 16, 2009, the United States Court of Appeals for the Third Circuit denied plaintiff Akintoye Laoye's petition for review of the final order of

removal of the Board of Immigration Appeals, see Laoye v. Att'y Gen., No. 08-4878, 2009 WL 3809623 (3d Cir. Nov. 16, 2009); In re Akintoye Omatsola Laoye, 2009 WL 5537832 (BIA file AO97-436-415 Dec. 17, 2008); and

**THE COURT** deciding the motions on the papers, see Fed.R.Civ.P. 78(b); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:    March 16, 2010